UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

FILED

MAR I 0 2010

CLERK
U.S. ... Court
Southern ... West Virginia

KAREEM HORTON                                   #24372-057

_____          _____

_____          _____

_____          _____

*(Enter above the full name of the plaintiff*          *(Inmate Reg. # of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**                                   **CIVIL ACTION NO.** 5:10-0290
                                             *(Number to be assigned by Court)*


D. BERKEBILE (Warded)

V. BLANKENSHIP (Oak Unit Manager)

_____

_____

*(Enter above the full name of the defendant*
*or defendants in this action)*

## COMPLAINT

**I.     Previous Lawsuits**

   A.    Have you begun other lawsuits in state or federal court dealing with the same
         facts involved in this action or otherwise relating to your imprisonment?

                     Yes _____          No   x   _____

1

B.    If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1.    Parties to this previous lawsuit:

        Plaintiffs:  _____

                       _____

                       _____

        Defendants:  _____

                       _____

                       _____

    2.    Court (if federal court, name the district; if state court, name the county);

        _____

_____

    3.    Docket Number:  _____

    4.    Name of judge to whom case was assigned:

        _____

    5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

        _____

_____

    6.    Approximate date of filing lawsuit:  _____

    7.    Approximate date of disposition:  _____

**II.**   **Place of Present Confinement:**   F.C.I.-Beckley

A.   Is there a prisoner grievance procedure in this institution?

Yes  **X**          No _____

B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes  **X**          No _____

C.   If you answer is YES:

1.   What steps did you take?   BP-8, BP-9, and BP-10

_____

2.   What was the result?   BP-8 and Bp-9 was "denied"; and

BP-10 is still pending Review.

D.   If your answer is NO, explain why not: _____

_____

**III.**   **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

A.   Name of Plaintiff:  Kareem Horton

Address:  P.O. Box 350, Beaver, WV 25813-0350

B.   Additional Plaintiff(s) and Address(es): _____

_____

_____

_____

3

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use item D for the names, positions, and places of employment of any additional defendants.)

C.     Defendant:   __D. BERKEBILE_____

       is employed as:  __Warden_____

       at  __F.C.I.-Beckley, P.O. Box 350, Beaver WV 25813-0350__

D.     Additional defendants: __V. BLANKENSHIP, F.C.I.-Beckley,__

       __P.O. Box 350, Beaver, WV 25813-0350_____

       _____

       _____


## IV.     Statement of Claim

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

__Defendants has violated Plaintiff's Constitutional Rights, by__

__denying Plaintiff an opportunity to review his legal documentat-__

__ion, with an inmate who is familiar with the legal filing process,__

__legal document preparations, etc. (See, Attached "Emergency__

__Action" Complaint pursuant to 42 U.S.C. §1331 and 42 U.S.C.__

__§1983 "Injunctive Relief", U.S.C.A. First, Fifth, Eight, and__

__Fourteenth Amendments, pages 1-11.)__

_____

**IV.    Statement of Claim (continued):**

(See, Attached "Emergency Action"...page 7-9.)

**V.    Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(See, Attached "Emergency Action"...page 9-11.)

**V.     Relief (continued)):**

_____

_____

_____

_____

_____


**VII.   Counsel**

A.     If someone other than a lawyer is assisting you in preparing this case, state the person's name:

  **Lyndell Thomas #14964-056** _____

B.     Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

                    Yes  **X**          No _____

       If so, state the name(s) and address(es) of each lawyer contacted:

**James B. Craven III, Attorney at Law, P.O. Box 1366,** _____

**Durham, North Carolina 27702; William S. Trivette, Federal**
**Public Defender, 310 N. Elm St., Suite 410, Greensboro, NC 27401.**
       If not, state your reasons: _____

       _____


C.     Have you previously had a lawyer representing you in a civil action in this court?

                    Yes _____          No  **X**

6

If so, state the lawyer's name and address:

_____

_____

Signed this _4 th_ day of _MARCH_ , 20 _10_ .

_Kareem Horton_ #24372-057

_____

_____

**Signature of Plaintiff or Plaintiffs**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _MARCH 4 th 2010_ .
                    (Date)

_Kareem Horton_ #24372-057

**Signature of Movant/Plaintiff**

_____

**Signature of Attorney**
**(if any)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA


KAREEM HORTON,
(Plaintiff),


VS.


D. BERKEBILE (Warden),
V. BLANKENSHIP (Oak Unit Manager),
F.C.I.-BECKLEY
(Defendants).


CIVIL CASE NO.:

---

"EMERGENCY ACTION"

COMPLAINT PURSUANT TO 28 U.S.C. §1331
AND 42 U.S.C. §1983 "INJUNCTIVE RELIEF",
U.S.C.A. FIRST, FIFTH, EIGHT, AND
FOURTEENTH AMENDMENTS.


Submitted By:   Kareem Horton
Reg. No. 24372-057
F.C.I.-Beckley
P.O. Box 350
Beaver, WV 25813-0350

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KAREEM HORTON,                          )
Reg. No. 24372-057                      )
F.C.I.-Beckley                          )
P.O. Box 350                            )
Beaver, WV 25813-0350                   )
        (Pláintiff),                    )
                                        )
VS.                                     )        Civil Case No.
                                        )
D. BERKEBILE (Warden), personally )
and in his Offical Capacity; and  )
V. Blakenship (Oak Unit Manager), )        COMPLAINT
personally and in her Offical     )        (Jury Trial)
Capacity,                               )
F.C.I.-Beckley,                         )
P.O. Box 350                            )
Beaver, WV 25813-0350                   )
        (Defendants).                   )
_____)

Comes Now, Kareem Horton, Plaintiff, In Pro'Se, who alleges

and says:

This is a Complaint for "Injunctive Relief" and "damages"

under 42 U.S.C. §1983, in connection with the Defendants violating

Plaintiff's Civil Rights and Constitutional Rights, and continuing

to violate Plaintiff Rights by blocking and /or impleding plain-

tiff's access to Court in direct contravention of §1983, in a

concerted effort and with "deliberate indifference" to the

Constitutional Right of Plaintiff, specifically, the First Amend-

ment's Right "to petition the Government for a redress of grievances";

Fifth Amendment's Right to "Due Process Claues"; Eight Amendment's

"Prohibition against Cruel and Unusual Punishment"; and Fourteenth

Amendment's "Equal Protection of the Laws".

On November of 2009, Plaintiff's "pre-trial", Trial, and Sentenc-

ing Transcripts", were mailed to Plaintiff, by his Attorney, and

received into F.C.I.-Beckley in November of 2009. At which time
Plaintiff was told by Ms. V. Blankenship, that he would not be able
to keep them in his possession as personal property. Plaintiff
explained to Ms. Blakenship, that the Federal Bureau of Prison's
Program Statement 1315.07, states, "That an inmate's legal material
includes but are not limited to inmates's pleadings and documents
...that have been filed in Court...which contains the inmate's name
and/or case caption prominently displayed on the front page,...";
and 28 U.S.C. §543.11(d). "Staff may allow an inmate to possess
those legal materials which are necessary for the inmate's own legal
actions...The Warden may limit the amount of legal materials an
inmate may accumulate for security or housekeeping reasons." Id.
at (d)(2). Ms. Blankenship informed Plaintiff that the Central Office
had sent down a New Program Statement, that prevents an inmate from
possessing his transcripts. Ms. Blankenship has also, denied Plaintiff
from having an inmate review his Transcripts in her Office, inorder
to obtain the necessary information to perfect his Direct Appeal.
Ms. Blankenship and Warden Berkebile is acting with "deliberate
indifference" to Plaintiff's Constitutional Rights.


### A. JURISDICTION

Plaintiff, Kareem Horton, Federal Registration Number, 24372-057,
is presently incarcerated at Federal Correctional Institution (F.C.I.)
Beckley, Post Office Box 350, Beaver, West Virginia, at which place
his Constitutional Rights were violated by actions of the below-named
individuals and entities:

1. First Defendant: D. Berkebile, works at F.C.I.-Beckley, P.O.
Box 350, Beaver, West Virginia 25813-0350, and is employed as the
Warden. This defendant is sued in his individual/personal and official

capacities; and

    2. Second Defendant: V. Blankenship, works at F.C.I.-Beckley, P.O. Box 350, Beaver, West Virginia 25813-0350, and is employed as the Oak Unit Manager. This defendant is sued in her individual/personal and official capacities.

    Jurisdiction is invoked under 28 U.S.C. §1983, 28 U.S.C. §1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. §1915; also, the First, Fifth, Eight, and Fourteenth Amendments to the Constitution.

### PREVIOUS LAWSUITS

    The allegations herein have not been made in any other Complaint or Lawsuit; that has been brought before this Court only as one (1) ground for "Injunctive Relief", in this Complaint.

### C. EXHAUSTION OT ADMINSTRATIVE REMEDIES

    Plaintiff has sought to exhaust Administrative Remedies by-way of "Informal Resolution Remedy" (BP-8), "Administrative Remedy BP-9", and "Administrative Remedy BP-10". However, during this continual Administrative Remedy Process, the Fourth Circuit Court of Appeals, has ordered Plaintiff to perfect a Supplemental Brief, forewhich Plaintiff has been able to obtain an "Extention of Time" inwhich to file said-Supplemental Brief, the Court of Appeals gave Plaintiff until March 22, 2009. Therefore, Plaintiff can not afford to exhaust the entire Administrative Remedy Process.

### D. CAUSE OF ACTION

    On November of 2009, Plaintiff's "pre-trial", "trial", and "sentencing Transcripts", were mailed to Plaintiff, by his Attorney, and received into F.C.I.-Beckley in November of 2009. At which time Plaintiff was told by Ms. Blankenship, that he would not beable to keep them in his possession as personal property. Plaintiff explained to Ms. Blankenship, that the Federal Bureau of Prison's Program

Statement 1315.07, states, "that an inmate's legal material includes but are not limited to inmate's pleadings and documents...that have been filed in Court...which contains the inmate's name and/or case caption prominently displayed on the front page,..."; and 28 U.S.C. §543.11(d). "Staff may allow an inmate to possess those legal materials which are necessary for the inmate's own legal actions...The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons." Id. at (d)(2). Ms. Blankenship has informed Plaintiff that the Central Office had sent down a New Program Statement, that prevents an inmate from possessing his transcripts. Ms. Blankenship has also, denied Plaintiff from having an inmate review his Transcripts in her Office, inorder to obtain the necessary inform- ation to perfect his Direct Appeal. On February 19, 2010, Plaintiff sought the assistance of Inmate Lopez #54402-053, to review the legal materials with him at the Unit Team Office. But, Ms. Blankenship, "denied" Inmate Lopez from coming into the Oak Unit, and informed Plaintiff that he had to find someone in the Oak A Upper Unit, to assist him. Plaintiff then sought the assistance of inmate Lyndell Thomas #14964-056, who also, went to Ms. Blankenship, to set up a time, that he and Plaintiff, could review said-legal material in the Oak A Upper Unit Team Office. Ms. Blankenship, "denied" that request also, stating "that Warden Berkebile, had informed her that no inmate could review another inmate legal material".

On January 7, 2010, Plaintiff sought Administrative Remedy seeking to possess his legal materials, inorder to perfect his Direct Appeal, and due to his being untrained in Law, he needs his transcripts to carry with him to the leisure library, with him inorder to have an inmate with a Legal understanding to assist him with the preparation of his Supplement Brief. The Warden Berkebile, "denied" Plaintiff Relief

stating "Many docket sheets, transcipts and other similar documents
contain information regarding an inmate's government assistance,
financial resources, community affiliations, gang affiliations, etc.
In response to the Bureau prohibiting inmates from possessing
Presentencing Reports (PSRs) and Judgment and Commitment (J&C)
Statements of Reason (SOR), there is an emerging problem where inmates
pressure other inmates for a copy of their docket sheet, transcript,
and other documents to learn if they are informants, gang members,
have financial resources, etc. Inmates who refuse to provide the
documents are threatened, assaulted, an/or seek protective custody.
For these reasons and to ensure the orderly running and security
of this institution, the Warden has determined that inmates may not
have in their possession copies of docket sheets, transcripts and
other similar documents...These documents must be maintained in the
Central file and/or Judgment and Commitment file. Please note, inmates
will be provided reasonable opportunities to assess and review these
documents. Inmates are responsible for requesting an opportunity to
access and review these records with Unit Staff. In this instance,
your documents were received and you were notified of the current
procedures on November 18, 2009. You are not being denied access to
your documents nor the Court. Documentation reveals you have not yet
requested to access and review your documents. You may request to
view these documents through your case manager or Unit manager.
Plaintiff Appealed the Warden's Decision to the Regional Director,
of the Federal Bureau of Prisons, for the Mid-Atlantic Region, said-
Regional Appeal is still pending review.

(6)

## STATEMENT OF CLAIM

Plaintiff now states his Claim for this Complaint, as to each defendant, and what Constitutional Right they deprived Plaintiff of:

1. Ms. V. Blankenship, has violated Plaintiff's First Amendment Right to "Access to Court"; Fifth Amendment's Right to "Due Process of Law"; Eight Amendment's "Prohibition against Cruel and Unusual Punishment"; and Fourteenth Amendment's "Equal Protection of Law", by "denying" Plaintiff an opportunity to review his legal documentation, with an inmate who is familiar with the legal filing process, legal document preparations, legal law books, Statutory law, Constitutional law, Supreme Court, Circuit Court, and Dirstrict Court law, and how to review transcripts inorder to obtain the correct information to prepare a Supplemental Brief. Athough, Ms. Blankenship, says "that the Warden has informed her not to allow other inmates to review an inmate legal documents held in the Unit Team Office. Plaintif contends that Ms. Blankenship, is lying because, on February 18, 2010, the Warden told Plaintiff in front of Ms. Blankenship, that he could have an inmate come with him to review his Transcripts, and that next day, February 19, 2010, Plaintiff took Inmate Lopez #54402-053, to review the materials with him at the Unit Team Office, in Oak A Upper Housing Unit, and Ms. Blankenship, would not allow Inmate Lopez, to enter the Oak A Upper Housing Unit, for the purposes of reviewing Plaintiff's legal material. Her reasons were that Plaintiff would have to get someone from the Oak A Upper Housing Unit, to come with him and review the legal material. Plaintiff then sought the assistance of Inmate Lyndell Thomas, to assist him in reviewing his legal material. However, Ms. Blankenship, told Inmate Thomas, "that she could not permit him to assist Plaintiff, with reviewing his legal materials, due to new instructions she had received from the Warden. Plaintiff does not believe Ms. Blankenship, and believes that she is "deliberately" and "intentionally" violating the

Plaintiff's Rights, and using the Warden to cover up her wrong doings. By informing him, of her decisions after the fact, to get him to co-sign it. Plaintiff establish this fact from the beginning of this entire situation, Ms. Blankenship, has been stating that the Warden has received a New Policy Statement from the Central Office, concering the Institution's Security. This new policy statement now "prohibits an inmate from possessing certain legal documents such as: "Pre-trial", "trial", and Sentencing""Transcripts. However, this Program Statement has never been made available to the inmate population, and when the Plaintiff filed his Administrate Remedy, this mysterious document wasn't even mention in the Response. In the Response, it clearly states that "...the Warden has determined that inmates may not have in their possession copies of docket sheeks, transcripts, and other similar documents." This clearly shows that Ms. Blankenship, is lying and acting with "deliberate indifference" to the Constitutional Rights of Plaintiff, and she is also "conspiring" with the Warden to deprive Plaintiff of his Constitutional Rights to "defend himself on a pro'se Supplement Appeal"; "Access to Legal Material"; "Access to Inmate Legal Assistant, to assist Plaintiff with the researching, preparation, and filing of Supplement Brief into the Court, withouttinferference". Therefore, Ms. Blankenship is being sued in her individual/personal and official capacity;

  2. Mr. D. Berebile (Warden), has violated Plaintiff's First Amendment's Right to "Access to Court"; Fifth Amendment's Right to "Due Process of Law"; Eight Amendment's "Prohibition against Cruel and Unsual Punishment"; and Fourteenth Amendment's "Equal Protection of Law", by "instructing Ms. Blankenship not to allow any inmate to review another inmate's legal documentation held in the Unit Team Office. Especially, after, Warden Berkebile had just informed Plaintiff that he could get another inmate to assist him, with the reviewing of

his legal material, that was being held in the Oak A Upper Unit Team
Office; and "For infringing on Plaintiff's Constitutional Rights, by
applying a legitmate prison interest that ensure the orderly running
of the institution, the Warden has determine that inmates may not have in
their possession copies of docket sheets, transcripts and other similar
documents...due to the fact that inmates are pressuring other inmates
for a copy of these documents to learn if they are informants, gang
members, have financial resources, etc...." Therefore, the Warden has
made this determination.

Plaintiff contends that every inmate should be viewed on a case-by-
case basis, before such a decision is to be rendered. Because, inmates
such as Plaintiff who has "not assisted the government inanyway",
"is not gang affiliated", "has little financial resources", and "no
other reason as to why his possessing his legal materials, would disrupt
the orderly running of the instution. This clearly shows that Warden
Berkebile, is acting with "deliberate indifference" to the Constitutional
Rights of Plaintiff, and he is also "conspiring" with the Ms. Blankenship
to deprive Plaintiff of his Constitutional Rights to "defend himself on
a pro'se Supplement Appeal"; "Access to Legal Material"; "Access to
Inmate Legal Assistant, to assist Plaintiff with the researching, prepar-
ation, and filing of Supplemental Brief in the Court, without interference".
Therefore, Warden Berkebile is being sued in his individual/personal and
official capacity.

Wherefore, Plaintiff respectfully prays the Court as follows:

### RELIEF REQUESTED

1. That an "Injunction be issued against the Federal Correction
Institution-Beckley, defendants ("Warden D. Berkebile" and "Unit Manager
V. Blankenship"), who acting in concert with each other, from continuing
to withhold Plaintiff Legal Materials ("pre-trial", "trial", and "Sent-
encing" Transcripts), which are needed to perfect Plaintiff's Direct Appeal;

(9)

and  "Denying Plaintiff an oppprtunity to have an inmate, with
an understanding of the Legal Appeals Research Process, to review
his legal materials that are being maintained in the Oak A Upper
Unit Team Office". Therefore, Plaintiff moves this Court to
immediately stop Defendant's from blocking or impeding Plaintiff
from "access to Court", as described herein, with concerns to
"possessing his legal documents, in his personal property"; and/or
"allowing an inmate with a legal knowledge, in legal material
research, document preparation, and Supplement Brief Filings";

2. That the Court appoint Counsel to represent Plaintiff.
Due to Plaintiff's general lack of education and Particular lack
of training in regards to legal matters and the complex factual
and legal issues involved in Plaintiff's Claims makes it impossible
for Plaintiff to adequately represent himself. Without Counsel,
Plaintiff will not be able to conduct future discovery as needed
nor will he be able to effectively present his case; however,
inartfully pleaded must be held to less stringent standard than
formal pleadings drafted by Lawyers and can only be dismissed for
failure to state a claim if it appears beyond doubt that the
Plaintiff can not establish any facts insupport of his claim,
which would entitle him to Relief"; and

3. That defendants pay to Plaintiff $25,000-each, in Compensatory
damages;

4. That defendants pay to Plaintiff $25,000-each, in Punitive
damages;

5. That the Court prohibits the defendants from individually
or acting in concert and in participation with other F.C.I.-
Beckley's employees, from in any way harassing, intimidating,
threatening, punishing, or retaliating in any way against

(10)

Plaintiff, because of the filing of this Complaint; or from the harassing, intimidating, threatening, punishing, or retaliating in anyway against other inmates, because they submit affidavits and/or testimony in this case on behalf of Plaintiff, or from retaliatory transfer to any other institution without the expressed written consent of the Court, during the pendency of this Action;

6. That Plaintiff's Complaint, no matter how inartfully pleaded, be held to a less stringent standard than formal pleadings drafted by Lawyers: "A pro'se complaint, however, inartfully pleaded must be held to less stringent standard than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim, if it appears beyond doubt that the Plaintiff can not establish any facts insupport of his claim, which would entitle him to Relief";

7. Finally, Plaintiff seeks an "Expediated Review Process", due to the fact that Plaintiff is in the middle of a Fourth Circuit Court of Appeals Briefing Process, inwhich Plaintiff has been given an "Extention of Time to Perfect a Supplemental Brief", which expires on March 22, 2010. Due to the filing of this Injunction, Plaintiff is going to seek an additional "Extention Of Time", which will be determined by the outcome of this Injunction.

Respectfully Submitted,

Dated: _MARCh 4th 2010_

_Kareem Horton_
Kareem Horton
Reg. No. 24372-057
F.C.I.-Beckley
P.O. Box 350
Beaver, WV 25813-0350

I, Kareem Horton, declare under the Penalty of Perjury that the foregoing is true and correct to the best of my recollection.

Dated:

_Kareem Horton_
Kareem Horton

BEC-1330.16
May 31, 2009
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

**Section 1 - To be completed by the Unit Counselor at the time inmate requests Administrative Remedy.**

Inmate Name: _Holton_           Register Number: _26372-057_

Assigned Unit: _DA1_             Counselor: _CAB_

Date of Request: _24 NOV 09_    Date of Incident: _17 NOV 09_

Specific Complaint: I have been denied possession of my legal documents which are necessary

for me to perfect my appeal. I respectfully requested my legal documentation and

Ms. Blankenship denied my request. (See Statement of facts attached herewith.)

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for
Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative
Remedy Program, to ensure compliance with filing procedures.

X _(signature)_ #26372-057  _30 NOV 09_
Inmate Signature / Register Number        Date

_(signature)_                            _30 NOV 09_
Counselor Signature                       Date

**Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.**

Date Submitted: _1 Dec 09_

Was issue discussed with the inmate: (YES) / NO.  If no, reason: _____

Were staff or departments noted in Administrative Remedy contacted: YES / NO.

If no, reason. If yes, response: _Due to institutional security and guidence from Central Office Legal Department, this inmate can not have this document in his possession. This document can_

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for _be reviewed_
Administrative Remedy Form to Administrative Remedy Coordinator. _by inmate upon scheduling a time with his case manager or unit manager._

_(signature)_ #26372-057  _30 NOV 09_
Inmate Signature / Register Number        Date

_(signature)_                            _30 NOV 09_
Counselor Signature                       Date

_(signature) Wolowinsky_                  _11/29/09_
Unit Manager Signature                    Date

## Statement of facts

My Attorney mailed me some legal materials that are necessary for the preparation of my appeal. Ms. Blankenship has refused to allow me to possess my legal documents.

## Grounds for relief

I Kareem Horton, # 24372-057, am currently on direct appeal and I need my legal documents in order to perfect my appeal. The Program Statement on Inmate Legal Activities P.S. 1315.07, provides in relevant part, that: "[a]n inmate's legal material include but are not limited to inmate's pleadings and documents ... that have been filed in court ... which contain the inmate's name and/or case caption prominently displayed on the front page, ...." See 28 C.F.R. § 543.11(d). "Staff may allow an inmate to possess those legal materials which are necessary for the inmate's own legal actions. ... The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons." Id. at (d)(2)

To ensure that legal materials do not become a security or housekeeping hazard (e.g., fire, sanitation) each institution may establish a limit on the amount of ... legal materials in the inmate's living area.

The amount of storage space provided for legal materials depends upon the total storage space available. Ordinarily, the amount may not be restricted below three cubic feet per inmate.

This Program Statement makes clear that an inmate may possess his own legal materials providing it does not create a security or housekeeping hazard. Here, Inmate Karrem Horton # 24372-057, seeks to possess less than six (6) inches of legal documents. Inmate Kareem Horton needs these legal documents in order to adequately prepare a pro se supplemental brief which he intends to file in the United States Court of Appeals for the Fourth Circuit. Inmate Kareem Horton is the only defendant in his case, and the legal documents sought do not present a security risk to any individual or this institution.

In addition, six (6) inches of legal documents do not present any housekeeping or fire hazards.

## Request for relief

It is therefore respectfully requested that this Administration permit Inmate Kareem Horton # 24372-057, to possess the necessary legal documentation that he needs to prepare his pro se supplemental appeal brief.

Respectfully submitted

Kareem Horton, # 24372-057
F.C.I. Beckley
P.O. Box 350

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Kareem Horton, J | #m24372-057 | Oak A Lower | FCI. I. Beckley |
|-------|------------------|-------------|-------------|-----------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** I Kareem Horton am currently on direct appeal. My Attorney has mailed me my trial transcripts, sentencing transcripts, and various other pretrial transcripts which I need to file an appeal. Ms Blankenship has refused to give me my transcripts. According to Ms. Blankenship, my transcripts present a security problem. However, Ms Blankenship has not illustrated any specific security risk affiliated with my transcripts. Ms. Blankenship ambiguously states that "due to institutional security and guidance from Central Office Legal Department, this inmate cannot have th[ese] document[s] in his possession ...." It is impossible for me to file an appeal without the transcripts of the proceedings in the lower court. The transcripts must be reviewed, analized, and compared with the relevant case-laws, criminal procedures, and appellate procedures. Without the transcripts I cannot appeal my case. Furthermore, an inmate may assist another inmate in the same institution during his leisure time ... with legal research and the preperation of legal documents for submission to a court. See 543.11(f)(1). I need to be in possession of my transcripts so that I may obtain the necessary assistance at the main law library. See 543.11(f)(2)(i) and (ii). Ms. Blankenship's suggestion that I can review my tran- scripts upon a scheduled time with the Case Manager only substantiates her failure to understand the importance and necessity of the transcripts in order to file an appeal. Ms. Blankenship's refusal to provide me with my transcripts have already impeded my appeal. Any further delays will effectively result in the denial of the federal right to appeal the conviction and sentence, as well as, the denial of the constitutional right to due process of law and access to the courts.

12-4-09 Received     (See Attachment)
DATE       1-5-10                                   SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                          _____
DATE                                             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: 569123-F1

CASE NUMBER: 569123-F2

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                          _____
DATE                                             RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

It is therefore respectfully requested that Inmate Kareem Horton # 24372-057, be provided with his transcripts so that he may proceed with the appeal of his conviction and sentence.

Respectfully submitted

Kareem Jahmal Horton, 24372-057
F.C.I. Beckley
P.O. Box 350
Beaver, WV 25813

**REQUEST FOR ADMINISTRATIVE REMEDY**          **BEC-569123-F2**

Your Request for Administrative Remedy received on January 7, 2010, has been reviewed. Specifically, you would like to possess your court docket and sentencing transcripts.

Many docket sheets, transcripts and other similar documents contain information regarding an inmate's government assistance, financial resources, community affiliations, gang affiliations, etc. In response to the Bureau prohibiting inmates from possessing Presentence Reports (PSRs) and Judgment and Commitment (J&C) Statements of Reason (SOR), there is an emerging problem where inmates pressure other inmates for a copy of their docket sheet, transcript and other documents to learn if they are informants, gang members, have financial resources, etc. Inmates who refuse to provide the documents are threatened, assaulted, and/or seek protective custody.

For these reasons and to ensure the orderly running and security of this institution, the Warden has determined that inmates may not have in their possession copies of docket sheets, transcripts and other similar documents.

Inmates needing these materials may have the information mailed into the institution to either the Unit Team, or the Correctional Systems Department (Records Office). These documents must be maintained in the inmate Central File and/or Judgment and Commitment file. Please note, inmates will be provided reasonable opportunities to access and review the documents. Inmates are responsible for requesting an opportunity to access and review these records with unit staff.

In this instance, your documents were received and you were notified of the current procedures on November 18, 2009. You are not being denied access to your documents or to the court. Documentation reveals you have not yet requested to access and review your documents. You may request to view these documents through your case manager or unit manager.

Based on the above facts, I can find no basis for further administrative action. Your request for administrative relief is denied. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.


*02/01/10*
_____
Date

_____
D. Berkebile, Warden

**U.S. Department of Justice**                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Horton, Kareem_____          __24372-057__     __OAk A Lower__     __F.C.T. BEC.__
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.            UNIT            INSTITUTION

**Part A—REASON FOR APPEAL** Karrem Horton # 24372-057, hereby appeals the denial of his request for Administrative Remedy to possess his trial transcripts, sentencing transcripts, and other pre-trial transcripts. See BEC-569123-F2 (Warden's Response dated 02/01/10 (Attached herewith). The Warden claims "there is an emerging problem where inmates presure other inmates for a copy of their docket sheet,transcripts,and other documents to learn if they are informants,gang members,or have financial resources. Inmates who refuse to provide the documents are threatened,assaulted,and/or seek protective custody. For these reasons and to ensure the orderly running and security of this institution,the Warden has determined that inmates may not possess ... transcripts and other similar documents." Id. The Warden has overlooked the fact that Inmate Horton has no gang affiliations, he has not provided any assistance to the Government (i.e., he is not an informant),he has very limited resources, and he is not seeking protective custody. Inmate Horton is unskilled in the law and requires assistance from other inmates who are familiar with legal matters. Inmate Horton has requested permission from his Unit Manager (Ms. Blankenship) to bring Inmate Lopez # 54402-053 to come review the legal materials with him at the Unit Office because Lopez has volunteered to assist Horton in the preparation of the pro se brief. However, the Unit Manager has denied Horton's request. Thus, Horton needs to possess his legal transcripts so he can take them to the law library and obtain the assistance he

2-19-10 _____          See Attachment page          _Kareem Horton #24372-057 2-19-10_
    DATE                                                              SIGNATURE OF REQUESTER

---

**Part B—RESPONSE**

<br/><br/><br/><br/><br/><br/><br/>

---

_____                    _____
       DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

---

**Part C—RECEIPT**

                                              CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.       UNIT        INSTITUTION

SUBJECT: _____

_____

Regional Administratve Remedy Appeal

needs in order to prepare his pro se supplemental brief. In addition, the Wardens assertions are in opposition to BOP Policey. See 28 C.F.R. 543.11 et al. Furthermore, Inmate Horton has established the fact that he is on direct appeal and must file a pro se supplemental brief on or before March 22, 2010. See Letter to Warden dated February 8, 2010;see also Order from the United States Court Of Appesals for the Fourth Circuit, No. 09-4713 (Granting an extension of time because Inmate Horton has been unable to obtain his transcripts and cannot prepare his pro se brief.).

It is therefore respectfully requested that this Office grant Inmate Horton's request to be in possession of his trial transcripts, sentencing transcripts, and other pre-trial transcripts.

Respectfully submitted

*Kareem Horton* 2-19-10

Kareem Horton # 24372-057
F.C.I. Beckley
P.O. Box 350
Beaver, WV 25813

Attachment page

Filed: January 19, 2010

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

---

ANDERS NOTICE

---

No. 09-4713, <u>US v. Kareem Horton</u>
1:08-cr-00480-WO-1

NOTICE TO APPELLANT: Kareem Horton

PRO SE SUPPLEMENTAL BRIEF DUE: 02/18/2010

Your attorney has filed a brief on your behalf pursuant to
<u>Anders v. California</u>, 386 U.S. 738 (1967). In accordance with
the requirements of that case, this Court will undertake a full
review of the district court record to determine whether there
may be any issues of possible merit on appeal.

You have the right to submit a brief raising any arguments that
you think might support your appeal. You need not furnish any
legal citations but should present the facts and arguments you
wish the Court to consider.

Should you wish to file a pro se supplemental brief, you must
file an original and three copies with the Court within 30 days
and serve a copy on counsel in the case. If you are satisfied
with the brief filed by your attorney, you need not file a pro
se supplemental brief.

If this case requires translator services for the brief and
relevant appeal documents, the 30 days will run from receipt of
the translated documents.

Michael Radday
Deputy Clerk
804-916-2702

Copies:  Mr. James B. Craven III

# JAMES B. CRAVEN III

ATTORNEY AT LAW

CYNTHIA C. KEITH
NC CERTIFIED PARALEGAL

January 29, 2010

LIBERTY MARKET BUILDING
349 WEST MAIN STREET
P. O. BOX 1366
DURHAM, NC 27702
(919) 688-8295
FAX (919) 688-7832
jbc64@mindspring.com

Patricia S. Connor, Esquire
Clerk of U.S. Court of Appeals
United States Courthouse Annex
1100 East Main Street
Richmond, VA 23219

Re: <u>United States v. Horton</u>
No. 09-4713

Dear Pat:

I represent Kareem Jamal Horton, now a guest at FCI Beckley in Beaver, West Virginia, and filed an <u>Anders</u> brief on January 13. His pro se supplemental brief is due, I believe, on February 18, and he does indeed intend to file one. He will however need additional time.

He called yesterday and I spoke with his case manager as well. She confirmed receipt of the trial transcripts I sent Horton at his request, but advised me he may <u>not</u> have the transcripts in his living quarters. Rather, the transcripts are kept in the unit team office where he can review them as needed. This of course makes no sense at all, but then it does come from the BOP, from whom we always expect little. Horton told me yesterday that he intends to file a pro se motion for unfettered access to the transcripts. I offered my help in that, but he declined.

It seems to me the BOP should be facilitating the preparation and filing of a pro se supplemental brief by Horton rather than hindering and delaying it. Parenthetically I would rather deal with Blue Cross <u>and</u> the IRS than the BOP. At FCI Butner they have just forbidden the feeding of birds in the snow, but I digress.

Please allow Kareem Horton whatever additional time he may need.

Many thanks.

Very truly yours,

/s/ James B. Craven III
James B. Craven III
Attorney for Kareem J. Horton
NCSB 997
(919) 688-8295
P.O. Box 1366
Durham, NC 27702

JBCIII/jkl
Cc: Mr. Kareem J. Horton
    Terry M. Meinecke, Esquire
    Warden-FCI Beckley

JAMES B. CRAVEN III
ATTORNEY AT LAW

CYNTHIA C. KEITH
NC CERTIFIED PARALEGAL

LIBERTY MARKET BUILDING
340 WEST MAIN STREET
P. O. BOX 1366
DURHAM, NC 27702
(919) 688-8295
FAX (919) 688-7832
jbc64@mindspring.com

February 8, 2010

Warden Berkebile
FCI Beckley
Box 1280
Beaver, W.Va. 25813

Re:  Kareem J. Horton
     Reg. No. 24372-057

     <u>United States v. Horton</u>
     No. 09-4713 (4th Circuit)

Dear Warden:

I represent Kareem Horton, one of your guests. Please allow him <u>full</u> access to the legal transcripts I sent him. He needs them, in his cell and in the library, in order to prepare his pro se supplemental brief. The theory that his possession of the transcripts, PSR, and other materials presents a security or housekeeping problem simply makes no sense. By denying him unfettered access to these materials, all you are accomplishing is delaying resolution of his case in the Court of Appeals in Richmond.

Many thanks.

Very truly yours,

James B. Craven III

JBCIII/jkl
Cc: Mr. Kareem J. Horton
    Patricia S. Connor, Esquire
    Terry M. Meinecke, Esquire

FILED: February 11, 2010

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 09-4713
(1:08-cr-00480-WO-1)

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

KAREEM JAHMAL HORTON,

                Defendant - Appellant.

_____

O R D E R
_____

Upon consideration of appellant's pro se motion for leave
to file a pro se supplemental brief and motion for abeyance, or
in the alternative for an extension of time in which to file the
brief, the Court grants an extension of time until March 22,
2010 in which to file a pro se supplemental brief.

                    For the Court - By Direction

                    /s/ Patricia S. Connor

                          Clerk



CERTIFIED MAIL.

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7008 1830 0000 5837 2051

Kareem Horton
Reg. No. 24372-057
Federal Correctional Institution-Beckley
P.O. Box 350
Beaver, WV 25813-0350

BEAVER WV
MAR 09 2010

Clerk of United States District Court
110 North Heber Street, Room 119
Beaver, WV 25813-0350



FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
P.O. BOX 1280
BEAVER, WV 25813

DATE _____

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE
RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

QUALITY PARK
9-1/2 x 12-1/2